UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| SARAH HEERBRANDT, <br> ON BEHALF OF HERSELF AND <br> ALL OTHERS SIMILIARLY SITUATED, <br><br> Plaintiff, <br> v <br><br> RICHARD SOKOLOFF <br><br> Defendant. | Civil Action, File No. <br> 2:17-cv-6581 |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Sarah Heerbrandt [hereinafter "Heerbrandt"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Richard Sokoloff [hereinafter Sokoloff], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendant's regular transaction of business within this district. Defendant also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Heerbrandt is a natural person residing at 46 Meyer Lane, Medford, NY 11763.

6. Heerbrandt is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about November 9, 2016, Sokoloff sent Heerbrandt the letter annexed as Exhibit A. Heerbrandt received and read Exhibit A. For the reasons set forth below, Heerbrandt's receipt and reading of Exhibit A deprived Heerbrandt of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Weltman sent Exhibit A to Heerbrandt in an attempt to collect a past due debt.

9. Based upon Exhibit A referring to a "Patient", referencing "Long Island Anasthesia Phys., LLP", and listing dates of service, and upon Sokoloff, via Exhibit A, having attempted to collect this past due debt from Heerbrandt in her individual capacity, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Sokoloff is an sole proprietor located at 990 S. Second Street, Ste. 1, Ronkonkoma, NY 11779.

11. On Exhibit A, Sokoloff identifies himself as a "debt collector" attempting to collect a debt. Exhibit A contains some of the disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

12. Based upon the allegations in the above paragraph, Sokoloff is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

13. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-12 of this Complaint.

14. Exhibit A identifies Sokoloff as an "Attorney at Law".

15. The Fair Debt Collection Practices Act prohibits a "debt collector" such as Sokoloff from sending a "debtor" a letter such as Exhibit A if such letter misleads a "debtor" regarding meaningful "attorney" involvement in the debt collection process.

16. A letter such as Exhibit A does not mislead a "debtor" regarding meaningful "attorney" involvement in the debt collection process so long as that letter includes a disclaimer to such as the following:

> "AT THIS TIME, NO ATTORNEY WITH THIS FIRM HAS PERSONALLY REVIEWED THE PARTICULAR CIRCUMSTANCES OF YOUR ACCOUNT."

17. Exhibit A does not contain such a disclaimer.

18. Based on the above, Defendant violated 15 USC 1692e, 15 USC 1692e(3), and 15 USC 1692e(10) as a result of Exhibit A being sent to Heerbrandt.

## SECOND CAUSE OF ACTION

19. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-12 of this Complaint.

20. Exhibit A does not identify in any manner or does not clearly, effectively, or properly identify the "creditor" and/or the entity to whom the debt is owed or on whose behalf Sokoloff was attempting to collect the debt.

21. Based on the above, Sokoloff violated 15 USC 1692e and 15 USC 1692e(10) by sending Exhibit A to Heerbrandt.

## THIRD CAUSE OF ACTION-CLASS CLAIM

22. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-12 of this Complaint.

23. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-12 of this Complaint.

25. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

26. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-12 of this Complaint.

27. By sending Exhibit A to Heerbrandt, Sokoloff violated 15 USC 1692g.

## CLASS ALLEGATIONS

28. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

29. The class consist of (a) all natural persons (b) who received a letter from Sokoloff dated between November 9, 2016 and the present to collect a past due debt (c) in a form materially identical or substantially similar to Exhibit A.

30. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

31. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

32. The predominant common question is whether Defendant's letters violate the FDCPA.

33. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

34. A class action is the superior means of adjudicating this dispute.

35. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:       November 10, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107